**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 6, 2012

Lyle W. Cayce
Clerk

No. 11-41011
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MARTIN CAVAZOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-486-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Martin Cavazos pleaded guilty to possessing with the intent to distribute more than 500 grams of a mixture containing methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and was sentenced to 144 months in prison. On appeal, Cavazos argues that the district court erred by denying him a minor role reduction under U.S.S.G. § 3B1.2(b) because he served as a courier. He also argues that the factual basis was insufficient to support his guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41011

Cavazos's argument that he was a minor participant based on his courier status is unavailing.  Cavazos admitted that he agreed to transport two gallon-sized containers from Mercedes, Texas, to Forth Worth, Texas, for $3000; that he thought he was transporting either LSD or a chemical used to manufacture LSD in the containers; that he possessed the containers for more than one week; and that he previously transported two similar containers to Fort Worth and, on his return trip to Mercedes, $17,000 to the individual who provided him with the containers.  In light of the foregoing, the district court found that Cavazos maintained custody and control over the methamphetamine for a considerable period of time over a large geographic area and further that Cavazos's transportation of the methamphetamine was essential to the completion of the crime.  Cavazos has not shown, by a preponderance of the evidence, that his role as a courier was peripheral to the advancement of the illicit activity.  *United States v. Garcia*, 242 F.3d 593, 598 (5th Cir. 2001).  Accordingly, the district court did not clearly err by denying him the minor role adjustment.  *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005).

Cavazos also argues, for the first time on appeal, that the district court denied him a minor role reduction because it believed that such a reduction was categorically inappropriate for the driver of a load.  "A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review."  *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (internal quotation marks and citation omitted).  Because Cavazos failed to raise his "fixed policy" argument in the district court, his argument is reviewed for plain error only.  *See id.*

A defendant may show that a district court engages in "mechanical sentencing" by showing that the court used terms indicating a predisposition, such as "routinely" or "habitually."  *See United States v. Clements*, 634 F.2d 183, 187 (5th Cir. 1981).  In the instant case, the district court's remarks do not

2

indicate that it "always" denied a minor role reduction to drug couriers. Rather, the court's remarks indicate that it found the minor role reduction inapplicable based on the particular facts and circumstances in the instant case. Accordingly, no plain error is shown. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Cavazos also argues that the factual basis for his plea was insufficient because the Government did not prove that he knew the type and quantity of drugs that he was carrying. He acknowledges that this issue is foreclosed by *United States v. Betancourt*, 586 F.3d 303 (5th Cir. 2009), and he raises this issue to preserve it for further review.

AFFIRMED.